UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY BAUCUM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHERYL WICKS, et al.,<br><br>Defendants. | No. 2:17-CV-01141-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

By way of this action, Plaintiffs Danny Baucum and Jutta Kosielowsky seek to recover from Defendants Cheryl Wicks, Nevada County Animal Control, and Sammies Friends (collectively "Defendants") for violations of federal and state laws arising out of the retention and euthanizing of Kosielowsky's dog. Presently before the Court are Defendants' Motions to Dismiss (ECF Nos. 20, 21) Plaintiffs' First Amended Complaint ("FAC") in its entirety. For the following reasons, those Motions are GRANTED with leave to amend.

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the

1

defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

Very generally, according to Plaintiffs, Kosielowsky entered an agreement with Defendants Wicks and Sammies Friends by which Defendants agreed to board her dog through April 1, 2016. In addition, Plaintiffs contend, "established law states that if any animal care facility takes custody of an animal for boarding, and the animal is not picked-up on the agreed-upon day, then the animal care facility must hold the dog for 14 days before the dog is considered abandoned." FAC, ECF No. 16, ¶ 13 (citing Cal. Civ. Code § 1834.5). Plaintiffs goes on to allege that Kosielowsky was unable to pick up her dog on April 1, at some point thereafter the dog was designated "dangerous," and it was eventually euthanized. Based on the foregoing, Plaintiffs contend Kosielowsky's rights to due process and to be free of unreasonable search and seizure were violated. They further contend that Baucum had some interest in adopting the animal and was impermissibly denied the right to do so.[1]

The problem with each of these arguments is that Plaintiffs have failed to sufficiently allege ownership of the dog at the time of Defendants' above actions.

---

[1] Plaintiffs also pursue a conversion claim based on the foregoing facts and a defamation claim based on facts that are related, but not recounted here.

Plaintiffs admit Kosielowsky failed to pick the dog up on the appointed date, but they never aver that she made any attempt to retrieve the dog before it was deemed abandoned.  If she did try to pick up the dog within the allotted fourteen days, such an averment will be easily pled, but it cannot be inferred from any of the remaining allegations in the existing FAC.  Nor have Plaintiffs alleged any facts indicating that Baucum had any property interest in the dog (or any other protected interest) whatsoever.  Plaintiffs' failure to allege ownership is fatal to each of their constitutional claims, and Defendants' Motions are thus GRANTED with leave to amend as to those causes of action.[2]  The Court declines to exercise supplemental jurisdiction over Plaintiffs' state claims and they are DISMISSED with leave to amend as well.  Not later than twenty (20) days following the date this Order is electronically filed, Plaintiffs may (but are not required to) file an amended complaint.  Failure to timely comply with this Order will result in dismissal of this action with prejudice upon no further notice to the parties.[3]

IT IS SO ORDERED.

Dated: January 11, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] The Court declines to exercise supplemental jurisdiction over the remaining state claims.

[3] Defendants' Requests for Judicial Notice are DENIED as to the complaints in this case because judicial notice is not required to permit the Court to review the operative pleadings in the instant action. They are DENIED as moot as to all other documents, which were not considered by the Court in reaching its decision.

4