UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANNY BAUCUM, et al.,

    Plaintiffs,

    v.

CHERYL WICKS, et al.,

    Defendants.

No. 2:17-cv-01141-MCE-AC

**ORDER**

By way of this action, Plaintiffs Danny Baucum and Jutta Kosielowsky originally sought to recover from Defendants Cheryl Wicks, Nevada County Animal Control, and Sammies Friends (collectively "Defendants") for violations of federal and state laws arising out of the retention and euthanizing of Kosielowsky's dog. Defendants moved to dismiss that Complaint, which Motions the Court granted with leave to amend. Plaintiff Kosielowsky subsequently filed a Second Amended Complaint ("SAC") setting forth the same claims based on slightly modified facts.[1] Presently before the Court are Defendants' subsequent Motions to Dismiss (ECF Nos. 31, 36) the SAC in its entirety. For the following reasons, those Motions are GRANTED without leave to amend.[2]

---

[1] Plaintiffs have abandoned any claims brought by Plaintiff Baucum by failing to re-allege them in the SAC.

[2] Having determined that oral argument was not of material assistance, the Court ordered this matter submitted on the briefing in accordance with E.D. Local Rule 230(g).

1

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a

2

recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

In each complaint the Court has considered, Plaintiff contends that she entered an agreement with Defendants Wicks and Sammies Friends by which Defendants agreed to board her dog through April 1, 2016. In addition, according to Plaintiff, "established law states that if any animal care facility takes custody of an animal for boarding, and the animal is not picked-up on the agreed-upon day, then the animal care facility must hold the dog for 14 days before the dog is considered to be abandoned." SAC, ECF No. 29, ¶ 12 (citing Cal. Civ. Code § 1834.5). In both complaints, Plaintiff goes on to allege that after she was unable to pick up her dog on April 1, it was designated as "dangerous" and eventually euthanized. Based on the foregoing, Plaintiff

///

///

contends her rights to due process and to be free of unreasonable search and seizure were violated.[3]

The Court already determined that the problem with each of these arguments is that Plaintiff failed to sufficiently allege ownership of the dog at the time of Defendants' above actions. Plaintiff admits she failed to pick the dog up on the appointed date, but she never avers that she made any attempt to retrieve the dog before it was deemed abandoned. If she did try to pick up the dog within the allotted fourteen days, as the Court previously noted, such an averment could have been easily pled.

Instead of adding such an allegation, however, Plaintiff instead offers a new vague averment that Defendant Wicks advised Plaintiff if she attempted to pick up the dog, Defendant Wicks would contact the sheriff. Plaintiff later indicates she had a subjective fear that if she tried to pick up her dog, she would go to jail and that she at some point spoke to an attorney about trying to get her dog. But, again, Plaintiff never alleges she actually tried to pick the dog up from the shelter because, based on her own allegations, she did not. Indeed, even assuming that Defendant Wicks made such a statement, as the Court must do even though it is unclear why Plaintiff failed to include such an allegation in either of her two first complaints, Plaintiff still does not allege she ever had any intention or ability to pick up the dog or why a statement that the sheriff would be called would dissuade her from doing so. Accordingly, Plaintiff's SAC is again flawed for what it does not say (i.e., Plaintiff tried to pick up the dog at any point before it was legally deemed abandoned).

Once again, Plaintiff's failure to allege ownership is fatal to each of her constitutional claims, and Defendants' Motions (ECF Nos. 31, 36) are thus GRANTED as to those causes of action. Because Plaintiff apparently cannot add any allegations that she attempted to pick up her dog prior to it being deemed abandoned, those claims are hereby DISMISSED without leave to amend. Finally, the Court again declines to

---

[3] Plaintiff also pursues a conversion claim based on the foregoing facts and a defamation claim based on facts that are related, but not recounted here.

4

exercise supplemental jurisdiction over Plaintiff's state claims and they are DISMISSED as well. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: July 30, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE